## Commonwealth v. Wolfe

*Richard C. Snelbaker,* District Attorney, and *John B. Fowler, 3rd,* Assistant District Attorney, for Commonwealth.

*J. Boyd Landis,* for defendant.

SHUGHART, P. J., March 14, 1966.—The question before us for decision is whether the owner and/or tenant of a farm may hunt without a license on property operated as a part of the farm on which the owner and/or tenant resides, but which property is not contiguous to the resident property.

The answer to this question requires an interpretation of section 317 of The Game Law of June 3, 1937, P. L. 1225, as amended by the Act of June 8, 1961, P. L. 278, sec. 1, 34 PS §1311.317. This section generally gives to the owner, lessee or tenant of lands under cultivation the right to hunt on such lands without a license ". . . if such owner, lessee, tenant, member of the family or household or hired help resides in a dwelling situated upon the property so being cultivated. . . ." The Commonwealth contends that this provision must be interpreted to prohibit hunting by the owner on any property which is not contiguous to the property on which the residence is located, even though it may be cultivated as a part of the home farm or home property. In the instant case, defendant resides on one property, but operates as a part of the farming operation a second farm situated approximately one mile distant from his residence property. He was apprehended and charged with hunting without a license.

The legislative exclusion granted to the owners and occupiers of farm property under cultivation from the licensing provisions of The Game Law is obviously in recognition of the fact that such persons are not only in a position to foster the propagation of wildlife for

hunting purposes, but also because they possess the power to exclude licensed hunters from hunting upon their property. The grant of permission to such persons to hunt without a license, therefore, furthers the aim of the Commonwealth through the Game Commission to make the sport of hunting available to its citizens. The legislature must likewise be deemed to be aware of the fact that farming operations in this Commonwealth are no longer confined to the cultivation of small parcels of real estate. On the other hand, because of the expensive machinery necessary, farming operations have tended to embrace larger and larger tracts of land not always contiguous. Further, the legislature is undoubtedly aware that countless farms in this Commonwealth have been severed by the acquisition in fee simple of land for the Pennsylvania Turnpike and for other purposes.

The legislature not only gave the residents on cultivated land who are engaged in the cultivation thereof a privilege to hunt on the land under cultivation, but also in the very same section provided that such a person ". . . also may, by and with the written consent of the owner or lessee thereof, hunt or trap upon any lands other than those publicly-owned which lie immediately adjacent and are connected with the lands upon which such persons may lawfully hunt or trap without securing a license".

If we were to restrict the first paragraph of the section of the act, as contended by the Commonwealth, appellant would have been able to hunt on the resident farm and also on all adjoining farms owned by others if he secured their written consent to do so, but he could not hunt upon his own lands cultivated as a part of his own farm because they were not immediately adjoining the home property. We do not believe that such an interpretation of this act was intended by the legislature. This act is penal in nature and, therefore, it must be

strictly construed: Section 58, Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558. Further, in ascertaining the intention of the legislature, we must presume that the legislature did not intend an absurd result: Section 52 of the Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §552. In light of these two guides in ascertaining of the intention of the legislature, we have no difficulty in concluding that the legislature did not intend to prohibit a person engaged in a farming operation from hunting on all of the lands used by him for this purpose as a part of the same operation, even though the land is not adjacent to the residence property.

ORDER OF COURT

And now, March 14, 1966, for the reasons set forth in the foregoing opinion, we find defendant not guilty. Costs to be paid by the County of Cumberland.